2014 UT App 77

**STATE of Utah, Plaintiff and Appellee,**

v.

**Dexter DAVIS, Defendant and Appellant.**

No. 20130006–CA.

Court of Appeals of Utah.

April 10, 2014.

Matthew A. Barraza and Peter A. Daines, for Appellant.

Sean D. Reyes, Salt Lake City, and Daniel W. Boyer, for Appellee.

Judge J. FREDERIC VOROS JR. authored this Memorandum Decision, in which Judges GREGORY K. ORME and STEPHEN L. ROTH concurred.

Memorandum Decision

VOROS, Judge:

¶ 1 While an inmate at the Utah State Prison, Dexter Davis got into a scuffle with a corrections officer, Sgt. Benjamin Vanzant.

Davis was charged with assault by a prisoner, a third-degree felony. At trial, the jury heard two versions of the event—two corrections officers testified in effect that Davis was the aggressor, while Davis testified that Sergeant Vanzant was the aggressor. The jury returned a guilty verdict. On appeal, Davis challenges the sufficiency of the evidence. We affirm.

¶ 2 "Any prisoner who commits assault, intending to cause bodily injury, is guilty of a felony of the third degree." Utah Code Ann. § 76–5–102.5 (LexisNexis 2008). Assault includes any "attempt, with unlawful force or violence, to do bodily injury to another," and any "act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another." *Id.* § 76–5–102(a), (c).

¶ 3 Davis tacitly concedes that, *if believed*, the testimony of the two corrections officers would support the elements of the charged offense. But Davis contends that the officers' testimony was "so inconsistent and substantially unreliable" that no reasonable jury could have believed it.

¶ 4 In determining whether the evidence was sufficient to support the jury's verdict, we do not "sit as a second trier of fact." *State v. Boyd*, 2001 UT 30, ¶ 16, 25 P.3d 985. "It is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses." *State v. Booker*, 709 P.2d 342, 345 (Utah 1985) (citation and internal quotation marks omitted). "So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our inquiry stops." *Id.*

[4–6] ¶ 5 Because we defer to the fact-finding of the jury, this court may "exercise its discretion to disregard inconsistent witness testimony only when the court is convinced that the credibility of the witness is so weak that no reasonable jury could find the defendant guilty beyond a reasonable doubt." *State v. Robbins*, 2009 UT 23, ¶ 18, 210 P.3d 288. Accordingly, when the complaining "witness's testimony is inherently improba-

ble, the court may choose to disregard it." *Id.* ¶ 16 (citing *State v. Workman*, 852 P.2d 981, 984 (Utah 1993)). "[W]itness testimony is inherently improbable ... if it is (1) physically impossible or (2) apparently false." *Id.* "[T]estimony is apparently false if its falsity is 'apparent, without any resort to inferences or deductions.' " *Id.* ¶ 17 (quoting *Workman*, 852 P.2d at 984). "Substantial inconsistencies in a sole witness's testimony, though not directed at the core offense, can create a situation where the prosecution cannot be said to have proven the defendant's guilt beyond a reasonable doubt, particularly ... where other significant factors in the case suggest a lack of credibility." *Id.* Accordingly, a jury's verdict of guilt may be overturned "in cases where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion, and there is a complete lack of circumstantial evidence of guilt." *Id.* ¶ 18 (citation and internal quotation marks omitted).

¶ 6 This is not such a case. Davis was not convicted on the contradictory testimony of a sole uncorroborated witness. Two adult eyewitnesses testified to the incident. Sergeant Vanzant testified that Davis threw a "closed-fist overhand right" punch that landed on his arm, leaving a "good-sized bruise." The jury saw a photo of the bruise.[1] A second corrections officer witnessed the encounter. She reported that Davis "started physically fighting" with Sergeant Vanzant, that Davis was "pushing and swinging" at Sergeant Vanzant, and that Davis "threw several over head punches," although she could not tell if any of them landed.

¶ 7 Davis makes a plausible case on appeal that the jury should have discredited this testimony. He argues that the officers' accounts suffered from various flaws: Sergeant Vanzant could not remember which arm Davis hit; the officers may have shaped and coordinated their stories for trial; Sergeant Vanzant had a motive to fabricate; and the other officer, as his subordinate, had a motive to back him up. But these are jury questions. On appeal "[w]e do not re-evalu-

---

1. Or at least *a* bruise: Davis notes that the State offered no evidence "matching the bruises on Sergeant Vanzant's arm with Davis's knuckle pattern."

ate the credibility of witnesses or second-guess the jury's conclusion." *State v. Honie*, 2002 UT 4, ¶ 44, 57 P.3d 977. In a case of this sort, our role is limited to determining whether the testimony supporting the guilty verdict was inherently improbable. *See Robbins*, 2009 UT 23, ¶ 16, 210 P.3d 288. Here we readily conclude that it was not.

¶ 8 Affirmed.